FRANCIS A. PALMER v. ELLIOTT and others.

JAMES R. PALMER v. ELLIOTT and others.

Although a complainant filing a bill of interpleader ordinarily gets his costs, yet where he leaves unprotected (by not making him a party) one who should have been primarily protected, e. g. his accommodation endorser, and compels the filing of another bill, he will not be allowed his costs.

BILLS OF INTERPLEADER.

THE complainant in the first above mentioned suit had made two accommodation promissory notes for the respective sums of two hundred dollars payable to the order of the complainant in the second suit, James R. Palmer. Separate actions had been commenced on the notes in the supreme court against maker and endorser by John Elliott. An attaching process had been commenced against the estate of one Thomas Faulkner, and they claimed the said notes.

The complainant Francis A. Palmer (the drawee of the promissory notes) filed a bill of interpleader, making Elliott and the trustees parties, but not including his endorser James R. Palmer (the complainant in the other suit) as a party; and he paid money into court. James R. Palmer—against whom the actions were continued to be pressed—then filed a bill, stating the above facts; alleging his apprehension of the insolvency of the maker of the notes; and praying an injunction upon the judgments at law which had been obtained against him.

By a consent, both causes were to be heard together.

1845.            Mr. *Morris*, for the complainant Francis A. Palmer.

PALMER
*v.*             Mr. *Scoles*, for the complainant James R. Palmer.
ELLIOTT.

Mr. *Judah*, for the defendant Elliott.

Mr. *J. Smith*, for the trustees.

*March* 10,    THE VICE-CHANCELLOR :—These causes are brought to
   1846.      a hearing together upon the pleadings—no proofs having,
              as yet, been taken to show which of the defendants have
              title to the promissory notes.

The question first in order is upon the bill of Francis A.
Palmer : what disposition ought to be made of it? As be-
tween him and the parties defendant, it is properly a bill of
interpleader. Neither of them have demurred nor objected,
in their answers, that he had no right to call upon them to
interplead and settle the question between themselves as to
which had title to these promissory notes. He paid into
court four hundred and forty dollars, that sum being deemed
sufficient, at the time, to cover the amount due on the notes
and the costs of the suit at law, so that he is entitled to a
decree discharging him from all further liability to each and
every of the defendants in respect to the two promissory
notes and directing them to interplead, &c. in relation to
the fund.

But is the complainant Francis A. Palmer entitled to the
costs of his bill in this court?

As a general rule, a party filing a proper bill of interplea-
der in a proper case is entitled to be paid his costs out of
the fund or property in dispute. There are special circum-
stances, however, in this case, which, I consider, deprive
him of his right to costs. As maker of the promissory notes,
he was bound to protect his endorser James R. Palmer—
who endorsed as a mere surety—as well as himself. He
omitted to do so. His excuse is, that James R. Palmer re-
fused to unite with him as a complainant in the bill. True
—but he should, nevertheless, have made him a party de-
fendant, alleging such refusal ; and have asked an injunc-
tion to stay the proceedings at law against them both. In

consequence of his not taking that course, the actions went on against James R. Palmer, the endorser, and, after judgments and executions against him, he is driven to the necessity of filing a bill of the same character for his own protection. Now, it is unreasonable to charge the fund with the costs of more than one suit for the purpose of effecting an interpleader; and as James R. Palmer is entitled to favor and protection in equity, as far as is compatible with the rights of the creditors, and as it was the duty of Francis A. Palmer to have sought that protection for him in the first instance, he must submit to forego his claim to costs out of the fund and allow James R. Palmer to have his costs of the suit on the bill filed by him as a bill of interpleader to be paid out of the money as usual in such cases.

The proceedings in this court, on these bills, are not sufficiently matured—no proof having been taken to enable the court to decide upon the ownership of the notes as claimed in behalf of Elliott the infant on the one hand and of the trustees of Faulkner on the other.

There must be the usual decree, entitled in both causes, adjudging the respective bills to be well filed as constituting one bill of interpleader; but that Francis A. Palmer bear his own costs of the said suits and be discharged from any further claim on the two promissory notes. And that, on James R. Palmer paying to the attorney of Elliott, in the suits at law, the taxed costs of these suits as included in the judgments and the sheriff's fees on the executions out against him at the time he filed his bill, that then he be paid the costs of his suit in this court to be taxed out of the money brought in and deposited by Francis A. Palmer as being the amount of the two promissory notes in question. And that it be referred to a master to take proof of the titles of the respective claimants to the promissory notes; and to ascertain and report to which of them the money paid on the notes belongs. And all further directions, in relation to the money and in regard to the matter of costs of the bill of interpleader and of the reference and subsequent proceedings as to which of the adverse claimants shall be charged therewith, are reserved.